## Baltimore & O. S. W. Ry. Co. v. James Crawford.

1. COMMON CARRIERS—*Unjust Discriminations.*—A contract which imposes upon a shipper the burden of paying the same rate of freight charges required of others for the like service, and denies him the security of the liability of the company to respond in damages as a common carrier to which other shippers are entitled by law, is a discrimination against such shipper, and if without consideration, is an unjust and unreasonable discrimination and not enforcible in law.

2. SAME—*Of Cattle—Transportation of Shipper's Employe.*—The common law duty of a carrier of cattle requires it to load them, care for them while in transit and unload them, and where a part of the consideration for the contract is the free transportation of an employe of the shipper, the contract relieves the company of its duty in this respect and imposes it upon the shipper, and it is necessary to enable him to perform it that his servant should ride upon the train which is conveying the stock.

**Trespass on the Case,** for a failure to transport cattle. Appeal from the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

JOHN G. DRENNAN and ANDREW J. LESTER, attorneys for appellant, contended that each count in the declaration charges mere negligence, not gross or willful negligence, and a recovery can be had only for such negligence as is charged in the declaration. C., B. & Q. Ry. Co. v. Dickson, 88 Ill. 435; W., St. L. & P. Ry. Co. v. Coble, 113 Ill. 119; Camp Point Mfg. Co. v. Ballou, 71 Ill. 419; C., B. & Q. Ry. Co. v. Rogers, 49 Ill. 500; C., C. & I. Ry. Co. v. Troesch, 68 Ill. 545.

The contract expressly releases the appellant. It provides: "The said carrier shall not be liable for or on account of any injury sustained by said live stock occasioned by any excitement or the following causes, to wit: Burning of hay or straw or other material used for feeding or bedding, or by fire from any cause whatever."

The doctrine is settled in this State that railway companies may, by contract, exempt themselves from liability, except for gross negligence. I. C. Ry. Co. v. Morrison, 19 Ill. 136; Arnold v. I. C. Ry. Co., 83 Ill. 280, Rorer on Railroads, Vol. 2, page 1307.

R. W. MILLS, attorney for appellee, contended there was no consideration for this contract, and therefore its terms and conditions are not binding upon the appellee. All of the evidence is to the effect that the rate named in the contract is the usual and customary rate, and that, in fact, it was not a reduced rate, and no evidence is offered to the contrary. It was held to be competent to thus impeach the consideration of the contract in McFadden v. Missouri Pacific R. Co., 30 Am. & Eng. R. R. Cases, 17. The jury, then, must have found the contract was without consideration. If this is true, then the common law liability of a carrier attaches. St. Louis, etc., Railway Co. v. Dorman, 71 Ill. 504. Unless the injuries arise from the nature and

propensities of the animals. 3 Am. & Eng. Encl., 6; C., R. I. & P. R. R. Co. v. Harmon, 12 App. 54; I. C. R. R. Co. v. Brelsford, 13 App. 251. And this settles the entire case, there being shown a breach of the duty to safely carry, charged in first count, as it can not be contended that the injuries fall within the above exception.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant company undertook to transport a lot of cattle belonging to appellee from Beardstown to Chicago. While in transit fire was in some manner communicated to the car which contained the cattle and the animals were injured and damaged by the heat and flames. This was an action by the appellee to recover damages thereby occasioned and it resulted in a judgment in his favor in the sum of $275, to reverse which the company prosecuted this appeal.

The defense was the undertaking of the company to transport the stock was under a special contract in writing entered into by and with the appellee, by the terms whereof the company was exempted from liability to answer in damages for any injury occasioned by fire.

Appellee insisted there was no consideration for the contract of exemption and further that the fire was the result of gross negligence upon the part of the employes of the company.

The consideration expressed in the contract is a reduction in the rate of charges for the service of transporting the stock.

The evidence, however, showed the usual and customary rate was charged and paid.

A contract which imposes upon a shipper the burden of paying the same rate of freight charges required of others for the like service and denies him the security of the liability of the company to respond in damages as a common carrier to which other shippers are entitled by law, is a discrimination against such shipper, and if without consideration, is an unjust and unreasonable discrimination and not enforcible.

Appellant's counsel insist a part of the consideration for the contract was the free transportation of an employe of the appellee.

The common law duty of the appellant required it to load the stock, care for it while in transit and unload it. The contract relieved the company of its duty in this respect and imposed it upon the shipper, and it was necessary, to enable him to perform it, he or his servants should ride upon the train which was conveying the stock.

The agreement provided no charge should be made by the company for the transportation of the person who should accompany the cattle, and this had no connection or relation to the other branch of the contract.

There being no consideration for the agreement of the appellee that the company should be exempted from its common law duty to transport the cattle safely and without loss or injury, the contract was ineffectual for that purpose.

There is no suggestion the fire or loss is chargeable to the negligence of appellee's servant, who was upon the train in charge of the cattle.

Hence the verdict and judgment is right upon the merits and is lawful under the first count in the declaration, which is in effect the company failed to safely transport and deliver the stock.

It is therefore not important we should discuss the contention there was no proof the servants of the company were guilty of gross negligence.

The judgment is affirmed.